UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| OKLAHOMA POLICE PENSION & RETIREMENT SYSTEM, | 11 Civ. 8066 (JGK) |
| Plaintiff, | ORDER |
| - against - | |
| U.S. BANK NATIONAL ASSOCIATION, | |
| Defendant. | |

JOHN G. KOELTL, District Judge:

In addition to other issues, counsel should be prepared to address the following questions at oral argument:

1. Is the application of the Trust Indenture Act ("TIA") to the Pooling Service Agreements ("PSAs") academic?

   a. Diversity is one of the bases for subject matter jurisdiction; thus, the existence of a federal question (duties imposed by the TIA) is not necessary for this Court to retain subject matter jurisdiction.

   b. The duties imposed by the TIA that the plaintiff has not abandoned are that the TIA requires that the Trustee provide timely notice of an Event of Default and behave as a prudent person after an Event of Default. The PSAs impose these duties. Does the TIA impose any duties on the Trustee that the PSAs do not?

2. Do the Certificates create an obligation to pay a sum certain at a specified time?
   a. Was there a fixed maturity date for the Certificates governed by the PSAs?
   b. Pursuant to the PSAs, did the Certificate-holders receiving a fixed amount on the 25th of each month, or did this amount vary?  If there was a variance in the payment amount, does the plaintiff allege that that variance was a breach of the PSA?
   c. Do the Certificate-holders play any role in managing the trusts?
   d. Under the PSAs, do excess proceeds go to the Master Servicer or to the Certificate-holders?
   e. How, if at all, do the PSAs in this case differ from the instruments at issue in the cases before Judge Pauley and Judge Forrest?

3. With respect to the mortgages governed by the Certificates issued pursuant to the PSAs:
   a. Do those mortgages have substantially different rights and privileges?
   b. How does this affect the applicability of § 304(a)(2) of the TIA?

   c. Does this provision of the TIA require that the covered mortgages have substantially different rights and privileges to trigger the exemption under § 304(a)(2)?

4. Aside from the opinions by Judge Pauley and Judge Forrest, is there any authority for the proposition that the factors from the IRS Form cited in <u>TIFD III-E, Inc. v. United States</u>, 459 F.3d 220, 235 n. 13 (2d Cir. 2006), should be applied in non-tax cases to determine whether the security at issue is a debt or equity security?
   a. Why should the <u>TIFD</u> factors be used to determine whether securities are debt or equity in the non-tax context of this case?

5. Does the recent litigation position by the SEC in the Central District of California conflict with its prior positions in the no-action letters?

6. What language in the PSAs indicates that the TIA applies or does not apply to them?
   a. Alternatively, what language in the PSAs is ambiguous with respect to the application of the TIA to the PSAs?

7. Are the rights and privileges under the Certificates substantially different for each of the mortgages listed on the Certificates?

    a. What of the obligation to accept as true the allegations in the Complaint—here, that the rights and privileges are substantially the same—on a motion to dismiss?

8. Does Section 9.01(d) of the PSA, which states that "[n]o provision of this Agreement shall be construed to relieve the Trustee or the Securities Administrator from liability for its own negligent action, its own negligent failure to act or its own willful misconduct," apply to the Trustee's delegation of the duty to review the Mortgage Loan files to its agent (the Custodian, Wells Fargo)?

9. How is the obligation to pay different for those Notes governed by Indentures than for those Certificates governed by PSAs?

SO ORDERED.

Dated:    New York, New York
          January 30, 2013

                                    _____
                                          John G. Koeltl
                                    United States District Judge