## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM,<br><br>　　　　　　Plaintiff,<br><br>　- against -<br><br>U.S. BANK NATIONAL ASSOCIATION (as Trustee Under Various Pooling and Servicing Agreements),<br><br>　　　　　　Defendant. | Case No. 1:11-CV-08066-JGK |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION FOR (I) PRELIMINARY APPROVAL OF THE SETTLEMENT, (II) CERTIFICATION OF THE CLASS FOR PURPOSES OF SETTLEMENT, (III) APPROVAL OF NOTICE TO THE SETTLEMENT CLASS AND (IV) SCHEDULING OF FINAL SETTLEMENT APPROVAL HEARING**

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................................ 1

II.     SUMMARY OF THE ACTION ................................................................................. 3

III.    SETTLEMENT NEGOTIATIONS ........................................................................... 3

IV.     SUMMARY OF THE PROPOSED SETTLEMENT ............................................... 4

V.      THE PROPOSED SETTLEMENT MERITS PRELIMINARY APPROVAL ......... 5

        A.      Good Faith, Arm's-Length Negotiations By Informed, Experienced
                Counsel Led To The Settlement ..................................................................... 7

        B.      The Signicant Benefits for the Settlement Class Provided by the Proposed
                Settlement and the Stage of the Proceedings, When Weighed Against
                Litigation Risks, Strongly Support Preliminary Approval ............................ 7

VI.     THE PROPOSED SETTLEMENT CLASS MERITS CERTIFICATION FOR
        SETTLEMENT PURPOSES PURSUANT TO RULE 23 ......................................... 8

        A.      The Settlement Class Satisfies the Requirements of Rule 23(a)................... 9

                1.      Numerosity........................................................................................ 9

                2.      Commonality..................................................................................... 9

                3.      Typicality ........................................................................................ 10

                4.      Adequate Representation ................................................................ 11

        B.      The Settlement Class Representative's Claims Satisfy the Requirements of
                Rule 23(b)(3)................................................................................................ 11

                1.      Common Legal and Factual Questions Predominate....................... 11

                2.      This Class Action is Superior to Other Methods of Adjudication ........... 12

VII.    THE FORM AND MANNER OF NOTICE TO THE SETTLEMENT CLASS
        MERITS APPROVAL.................................................................................................. 13

VIII.   PROPOSED SCHEDULE OF EVENTS.................................................................... 15

IX.     CONCLUSION............................................................................................................ 16

# TABLE OF AUTHORITIES

CASES                                                                                                    Page(s)

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997)......................................................................................................9, 12

*Aramburu v. Healthcare Fin. Servs.*,
    No. 02 CV 6535 (ARR), 2005 WL 990995 (E.D.N.Y. Apr. 14, 2005)...................................9

*City of Detroit v. Grinnell Corp.*,
    495 F.2d 448 (2d Cir. 1974)...............................................................................................6

*Consol. Rail Corp. v. Town of Hyde Park*,
    47 F.3d 473 (2d Cir. 1995)..................................................................................................9

*D'Amato v. Deutsche Bank*,
    236 F.3d 78 (2d Cir. 2001)..................................................................................................7

*Denney v. Deutsche Bank AG*,
    443 F.3d 253 (2d Cir. 2006).................................................................................................9

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
    689 F.3d 229 (2d Cir. 2012).................................................................................................8

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
    574 F.3d 29 (2d Cir. 2009).................................................................................................11

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
    No. 02-CV-3400, 2010 WL 4537550 (S.D.N.Y. Nov. 8, 2010)...........................................7

*In re Giant Interactive Grp., Inc. Sec. Litig.*,
    279 F.R.D. 151 (S.D.N.Y. 2011) ........................................................................................7

*In re Global Crossing Sec. & ERISA Litig.*,
    225 F.R.D. 436 (S.D.N.Y. 2004) ...............................................................................6, 7, 15

*In re Initial Pub. Offering Sec. Litig.*,
    226 F.R.D. 186 (S.D.N.Y. 2005) ....................................................................................5, 6

*In re Initial Pub. Offering Sec. Litig.*,
    243 F.R.D. 79 (S.D.N.Y. 2007) ..........................................................................................6

*In re NASDAQ Market-Makers Antitrust Litig.*,
    176 F.R.D. 99 (S.D.N.Y. 1997) .....................................................................................5, 6

*In re Prudential Sec. Inc. Ltd. P'ships Litig.*,
    163 F.R.D. 200 (S.D.N.Y. 1995) ....................................................................................6, 8

*In re Warner Chilcott Ltd. Sec. Litig.*,
    No. 06 Civ. 11515 (WHP), 2008 WL 5110904 (S.D.N.Y. Nov. 20, 2008)............................15

*N.J. Carpenters Health Fund v. Residential Capital, LLC*,
    No. 08 CV 8781 (HB), 2013 WL 6839093 (S.D.N.Y. Dec. 27, 2013)....................................10

*Pub. Emps.' Ret. Sys. of Miss. v. Goldman Sachs Grp., Inc.*,
    280 F.R.D. 130 (S.D.N.Y 2012) ..........................................................................................11

*Teachers' Ret. Sys. of La. v. ACLN Ltd.*,
    No. 01 Civ. 11814 (LAP), 2004 WL 2997957 (S.D.N.Y. Dec. 27, 2004) .............................10

*Tsereteli v. Residential Asset Securitization Trust 2006-A8*,
    283 F.R.D. 199 (S.D.N.Y. 2012) ..........................................................................................10

*UFCW Local 1776 v. Eli Lilly & Co.*,
    620 F.3d 121 (2d Cir. 2010)..................................................................................................12

*Wal-Mart Stores, Inc. v. Dukes*,
    131 S. Ct. 2541 (2011)..........................................................................................................10

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,
    396 F.3d 96 (2d Cir. 2005).  .........................................................................................6, 7, 15

*Weinberger v. Kendrick*,
    698 F.2d 61 (2d Cir. 1982)....................................................................................................15

## STATUTES, RULES AND REGULATIONS

Trust Indenture Act of 1939, 15 U.S.C. §§77aaa, *et seq*. ......................................................3, 6, 8

## OTHER AUTHORITIES

Fed. R. Civ. P. 23 ....................................................................................................... *passim*

Plaintiff Oklahoma Police Pension and Retirement System ("Oklahoma") respectfully submits this memorandum of law in support of its unopposed motion for: (i) preliminary approval of the proposed settlement between Plaintiff and Defendant[1] set forth in the Stipulation of Settlement dated December 17, 2014 (the "Stipulation")[2]; (ii) certification of the proposed Settlement Class stipulated to by the Parties for purposes of the Settlement; (iii) approval of the form and manner of distribution of the Notice to the proposed Settlement Class; and (iv) the scheduling of a hearing (the "Final Approval Hearing") to consider, among other things, final approval of the Settlement, and Plaintiff's Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, as defined in the Stipulation.

## I.      INTRODUCTION

Following almost three years of litigation the Parties have reached an agreement to settle this class action, which Oklahoma brought against the trustee of several residential mortgage-backed securities ("MBS") trusts sponsored and organized by Bear Stearns Companies Inc. along with its affiliates (collectively, "Bear Stearns"). Under the proposed Settlement, U.S. Bank will make a cash payment of 6 million U.S. dollars and, in return, the Released Claims, as defined in the Stipulation, ¶32, will be dismissed. The Parties reached these terms following complicated, hard-fought negotiations, over approximately nine months, with considerable assistance from an experienced private mediator, Robert A. Meyer. Plaintiff respectfully submits that the Settlement, which is among the first to resolve claims challenging the conduct of an MBS trustee, represents an immediate and favorable result for the Settlement Class.

---

[1] Defendant is U.S. Bank National Association ("U.S. Bank," and collectively with Oklahoma, the "Parties").

[2] Unless otherwise defined herein, all capitalized terms in this Memorandum have the meanings provided in the Stipulation. The Stipulation is attached as Exhibit 1 to the Declaration of Deborah Clark-Weintraub in Support of Plaintiff's Unopposed Motion for Preliminary Approval of Settlement ("Weintraub Declaration") filed herewith.

By the time of the Settlement, the Parties had thoroughly litigated the Class' claims, making Plaintiff fully informed about the case's strengths and weakness.  It was, moreover, Plaintiff's extensive litigation efforts that made the Settlement possible.  Those efforts included: (i) briefing and arguing a motion to dismiss, (ii) briefing and arguing a motion for partial summary judgment, (iii) briefing a motion for class certification, (iv) conducting fact discovery, including collecting and producing documents, taking Party and third-party depositions, as well as seeking leave to file a motion to compel the production of additional documents, and (v) preparing expert reports in support of class certification, including reports providing a loan sampling methodology and a damages methodology.

Oklahoma, who is a sophisticated institutional investor, together with its Counsel – based upon thorough legal and factual evaluation of the claims along with the risk and expense of continued litigation – submits that the proposed Settlement is fair, reasonable and adequate, and is in the best interests of the Settlement Class.  For the reasons set forth herein and described in greater detail below, Plaintiff respectfully requests that the Court grant preliminary approval of the Settlement and enter the [Proposed] Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order"), so that notice may be provided to the Settlement Class. *See* Preliminary Approval Order, Exhibit 2 to the Weintraub Declaration.

## II.      SUMMARY OF THE ACTION

Plaintiff filed the Action in November 2011, and claimed that Defendant, as Trustee for several Bear Stearns MBS Trusts, breached its contractual responsibilities and violated the federal Trust Indenture Act of 1939, as amended (the "TIA"), 15 U.S.C. §§77aaa, *et seq*.   More specifically, Plaintiff alleged that Defendant failed to carry out its duty to cause the substitution or repurchase of Mortgage Loans that breached the seller's representations and warranties regarding their quality ("Defective Mortgages").   This failure caused losses to the trusts and, in turn, to investors who purchased Notes that the trusts issued ("Notes").

Over the course of the last three years, the Parties have engaged in fierce litigation over Plaintiff's claims.   For example, they have: (i) briefed and argued a motion to dismiss, (ii) briefed and argued a motion for partial summary judgment, and (iii) conducted fact discovery, including collecting and producing documents, taking party and third-party depositions, and seeking leave to file a motion to compel the production of additional documents.   Additionally, Plaintiff has: (iv) briefed a motion for class certification, and (v) prepared expert reports in support of class certification, including reports providing a loan sampling methodology and a damages methodology.   The Parties based their decision to settle, in part, on information gleaned from, and the results of, the foregoing actions.

## III.      SETTLEMENT NEGOTIATIONS

After the Parties briefed and argued Defendant's motion for partial summary judgment, they engaged Robert A. Meyer, an experienced and respected mediator, to help them assess whether a resolution of the Action was possible.   They participated in several mediations in the first quarter of 2014 (for which each side prepared detailed mediation statements), and had discussion into the early summer.   Those efforts did not lead to a final resolution due to the complexity of the relevant issues.   Settlement discussions resumed about two months later,

following Plaintiff's motion for class certification, and included several in-person meetings, along with continued assistance from Mr. Meyer. The second round of discussions resulted in the execution of a Short-Form Agreement to Settle Class Action, dated October 15, 2014, and ultimately the Stipulation.

## IV.    SUMMARY OF THE PROPOSED SETTLEMENT

The Stipulation calls for U.S. Bank to deposit or cause to be deposited $6 million in cash to resolve the Released Claims. Plaintiff supports the proposed Settlement because it believes that this significant and immediate cash benefit outweighs the risk that a smaller recovery, or no recovery, might be achieved on those Claims after continued litigation and a trial – which could take many months, or even years with appeals.

In connection with this Settlement, Plaintiff engaged a qualified expert, Dr. Scott Hakala, to assist in the creation of a plan of allocation that will equitably distribute the Settlement proceeds to Settlement Class members who have suffered an economic loss as a proximate result of Defendant's alleged wrongdoing. Distributions to eligible Settlement Class members will be based on their out-of-pocket losses[3] attributable to Defective Mortgages that Defendant should have had removed from the Covered Trusts. The Notice that will be mailed to the Settlement Class and posted on the settlement website, www.BearStearnsTIASettlement.com, will thoroughly explain the Plan of Allocation. (In addition, U.S. Bank, as trustee for the Covered Trusts, will request that Wells Fargo Bank, N.A., as Securities Administrator, post the Notice on its trust investor reporting website through the date of the Final Approval Hearing). As part of its motion

---

[3] An out-of-pocket loss shall mean a monetary loss on an investment in a Note as determined pursuant to the following formula: to (1) the purchase price paid less (2) any principal payments, and less (3-A) sale proceeds if the Note was sold by the Settlement Date or (3-B) if not sold by the Settlement Date, the value of the note on October 31, 2014, as estimated using quote data from Bloomberg, L.P.

for Final Approval of the Settlement, Plaintiff will seek the Court's approval of the Plan of Allocation.

## V.      THE PROPOSED SETTLEMENT MERITS PRELIMINARY APPROVAL

Plaintiff respectfully requests that the Court grant preliminary approval of the Settlement so that notice of its terms can be provided to the Settlement Class, defined as follows:  all former and current holders of Notes issued by the Covered Trusts.  The term "Settlement Class" does not include:  (a) Defendant, JPMorgan Chase & Co., Bear Stearns, and their respective parents, subsidiaries, and affiliates other than Investment Vehicles; and (b) any person or entity that submits a valid and timely request for exclusion from the Settlement Class in accordance with the requirements set forth in the Notice.  *See* Stipulation ¶25.

Rule 23(e) of the Federal Rules of Civil Procedure requires judicial approval for the compromise of class claims.  "Review of a proposed class action settlement generally involves a two-step process: preliminary approval and a 'fairness hearing.'  First, the court reviews the proposed terms of settlement and makes a preliminary determination on the fairness, reasonableness and adequacy of the settlement terms." *In re Initial Pub. Offering Sec. Litig.*, 226 F.R.D. 186, 191 (S.D.N.Y. 2005).  *See also* Manual for Complex Litigation, Fourth, §21.632, at 320 (Fed. Judicial Ctr. 2004).  In describing the first step, which is at issue here, Judge Sweet explained that "[w]here the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval, preliminary approval is granted." *In re NASDAQ Market-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997) (citations omitted).[4]

---

[4] Unless otherwise noted, internal citations are omitted.

At the preliminary approval stage, the Court's obligation is therefore to assess whether the settlement is "'at least sufficiently fair, reasonable and adequate to justify notice to those affected and an opportunity to be heard.'" *In re NASDAQ*, 176 F.R.D. at 102; *see also In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 163 F.R.D. 200, 209 (S.D.N.Y. 1995) (Pollack, M.) (same).

Public policy militates in favor of the settlement of complex class action litigation, and there is also a "strong judicial policy in favor of settlements, particularly in the class action context." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005). Courts have described these policies as acknowledging an "overriding public interest" in settling such litigation. *See In re Prudential*, 163 F.R.D. at 209.

The proposed Settlement satisfies the foregoing criteria for preliminary approval. In that regard, Plaintiff notes that another court in this district recently granted preliminary approval to a class-action settlement, which, similar to the Settlement here, involved claims for violation of the Trust Indenture Act asserted against an MBS trustee. *See Policemen's Annuity and Benefit Fund of the City of Chicago v. Bank of America, NA,* Case No. 1:12-cv-02865-KBF, ECF No. 296 (S.D.N.Y. Nov. 10, 2014). Further, based on the factors courts consider in granting final approval of class action settlements,[5] which are summarized below, the Settlement is well "within the range of possible approval." *In re Initial Pub. Offering Sec. Litig.*, 243 F.R.D. 79, 87 (S.D.N.Y. 2007). (Plaintiff will also address these factors in greater detail in its papers in support of final approval of the Settlement).

---

[5] At the second step of the approval process, final approval, the Court must weigh the Settlement in light of the *Grinnell* factors: "(1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; [and] (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation." *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974). "In finding that a settlement is fair, not every factor must weigh in favor of settlement, 'rather the court should consider the totality of these factors in light of the particular circumstances.'" *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 456 (S.D.N.Y. 2004).

### A.    Good Faith, Arm's-Length Negotiations By Informed, Experienced Counsel Led To The Settlement

When arm's-length negotiations between well-informed counsel yield a settlement, there is a strong "presumption" that the settlement is fair and reasonable.  *See Wal-Mart*, 396 F.3d at 116; *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, No. 02-CV-3400, 2010 WL 4537550, at *13 (S.D.N.Y. Nov. 8, 2010) (same).  Counsel here are well informed on the legal and factual questions at issue in this Action, and have substantial experience in complex litigation.  Given that they also negotiated the Settlement at arm's length, the Settlement is, and should be deemed, fair and reasonable.

Additionally, Robert A. Meyer of Loeb & Loeb LLP, an experienced and well-respected mediator, served as a mediator here and assisted the Parties in reaching the Settlement.  That further supports the presumption of fairness and the conclusion that this Settlement is free of collusion.  *See, e.g.*, *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001) (a "mediator's involvement in . . . settlement negotiations helps to ensure that the proceedings were free of collusion and undue pressure").[6]  As a sophisticated institutional investor, Plaintiff's direction over the negotiations supports that conclusion as well.  *See Global Crossing*, 225 F.R.D. at 462.

More than sufficient evidence thus demonstrates that the Parties negotiated the Settlement in good faith, with well-informed counsel, and in a process free from collusion.

### B.    The Significant Benefits for the Settlement Class Provided by the Proposed Settlement and the Stage of the Proceedings, When Weighed Against Litigation Risks, Strongly Support Preliminary Approval

The recovery achieved by the proposed Settlement, a payment to the settlement fund of $6 million, provides a significant benefit to the Settlement Class, particularly when weighed against

---

[6] *See Flag Telecom*, 2010 WL 4537550, at *14 ("The presumption in favor of the negotiated settlement in this case is strengthened by the fact that settlement was reached in an extended mediation."); *In re Giant Interactive Grp., Inc. Sec. Litig.*, 279 F.R.D. 151, 160 (S.D.N.Y. 2011) (parties were entitled to a presumption of fairness where mediator facilitated arm's-length negotiations).

the risks posed by continued litigation of Plaintiff's claims, in one of the first cases to address such claims.  Simply put, that significant and immediate monetary benefit must be weighed against the risk that a lesser recovery, or no recovery at all, might be achieved after continued litigation or trial.

Plaintiff's decision to enter into the Settlement stemmed from its thorough understanding of the strengths and weaknesses of its claims, developed over the course of almost three years of litigation.  This includes obtaining document and deposition discovery from Defendant (as well as filing a motion to compel additional documents that is *sub judice*).  It also includes fully briefed motions to dismiss and for summary judgment, as well as a motion for class certification.

While Plaintiff believes that its claims are meritorious and that it ultimately would have won class certification, the foregoing experience brings the risks of continued litigation into sharp relief.  Indeed, Plaintiff recognized those risks from the outset of the Action.  For example, the only remaining claims arise under the federal Trust Indenture Act, and have minimal precedent, particularly in regard to class actions.  Had litigation continued, Plaintiff also would have had to overcome the many affirmative defenses asserted in Defendant's Answer.

## VI.   THE PROPOSED SETTLEMENT CLASS MERITS CERTIFICATION FOR SETTLEMENT PURPOSES PURSUANT TO RULE 23

The Court should certify the proposed Settlement Class for purposes of the Settlement under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.  To that end, the Parties have stipulated to certification of the proposed Settlement Class (for purposes of settlement only).  *See* Stipulation at ¶31).

The propriety of certifying a class solely for purposes of a settlement is well recognized in the Second Circuit, s*ee In re Am. Int'l Grp., Inc. Sec. Litig*., 689 F.3d 229, 238–39 (2d Cir. 2012), and throughout the country as well.  *In re Prudential*, 163 F.R.D. at 205 (describing a settlement

class as "the best, most practical way to effectuate settlements involving large numbers of claims by relatively small claimants").

Like any certified class, a settlement class must satisfy all the requirements of Rules 23(a) and (b).  *See Denney v. Deutsche Bank AG*, 443 F.3d 253, 270 (2d Cir. 2006).  The manageability concerns of Rule 23(b)(3) are, however, not at issue.  *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 593 (1997) ("Whether trial would present intractable management problems . . . is not a consideration when settlement-only certification is requested.").  In assessing whether to grant class certification, Second Circuit law "favors the liberal construction of Rule 23 . . . and courts may exercise broad discretion." *Aramburu v. Healthcare Fin. Servs.*, No. 02 CV 6535 (ARR), 2005 WL 990995, at *2 (E.D.N.Y. Apr. 14, 2005).

The proposed Settlement Class meets all the requirements of Rule 23.  As detailed throughout this memorandum, there is no likelihood of abuse of the class action device in this settlement context, and the Settlement is fair, reasonable, and subject to the Court's approval. Accordingly, certification is appropriate here.

### A.    The Settlement Class Satisfies the Requirements of Rule 23(a)

#### 1.    Numerosity

Rule 23(a)(1) requires a class with so many members that joinder would be "impracticable."  Numerosity is presumed when a class consists of forty members or more.  *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995).  Plaintiff's memorandum of law in support of its motion for class certification has already identified at least 1,800 unique investors who may be eligible to participate in this Settlement. (*See* ECF No. 95, at 21).  Numerosity is therefore easily satisfied.

#### 2.    Commonality

9

Under Rule 23(a)(2), the claims of the proposed Settlement Class must involve common questions of law and fact.  This requirement is satified where class members have "suffered the same injury," and their claims "depend upon a common contention." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2545 (2011).  The allegations here create common questions.  More specifically, Plaintiff alleges that Defendant owed virtually identical statutory duties to all Settlement Class members, which compelled Defendant to cause the repurchase of Defective Mortgages, and that, pursuant to a single set of policies and procedures, Defendant abandoned those duties, thereby damaging the Settlement Class members.  Common questions that arise from these allegations include: (1) whether Defendant had actual knowledge of Defective Mortgages in the Covered Trusts that were not being repurchased; (2) whether Defendant breached its statutory duties by failing to enforce the Covered Trusts' repurchase rights; and (3) to what extent Settlement Class members suffered damages as a result of Defendant's failure to act.  Such questions, related to MBS, regularly qualify as common under Rule 23(a)(2).  *See N.J. Carpenters Health Fund v. Residential Capital, LLC*, No. 08 CV 8781 (HB), 2013 WL 6839093, at *2 (S.D.N.Y. Dec. 27, 2013); *Tsereteli v. Residential Asset Securitization Trust 2006-A8*, 283 F.R.D. 199, 207 (S.D.N.Y. 2012).  Rule 23(a)(2) is thus satisfied.

### 3.    Typicality

Under Rule 23(a)(3), class representative's claims must be be "typical" of the class' claims.  Typicality therefore focuses on defendant's conduct, as opposed to plaintiff's.  *See Teachers' Ret. Sys. of La. v. ACLN Ltd.*, No. 01 Civ. 11814 (LAP), 2004 WL 2997957, at *4 (S.D.N.Y. Dec. 27, 2004).  This calls for an inquiry into whether the proposed class representatives and the class members identify the same "common course of conduct" by defendant in support of their claims for relief.  *Id.*, at *5.  Again, Defendant engaged in uniform practices across all of the Covered Trusts.  Among other things, it allegedly failed to enforce the Covered Trusts' repurchase

claims, notwithstanding that it had actual knowledge that Defective Mortgages were not being repurchased.  Thus, the same misconduct on Defendant's part serves as the basis for Plaintiff's and the Settlement Class members' claims, and Rule 23(a)(3) is satisfied.

### 4.    Adequate Representation

Rule 23(a)(4) calls for representative parties who "will fairly and adequately protect the interests of the class."  This requirement asks whether "'1) plaintiff's interests are antagonistic to the interest of other members of the class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation.'"  *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009).  Moreover, "to defeat a motion for certification, [any conflict of interest] 'must be fundamental.'"  *Id.*   Plaintiff has no conflict with the proposed Settlement Class, and, to the contrary, has every incentive to maximize the Settlement Class' recovery.  Indeed, Plaintiff and the proposed Settlement Class members purchased or otherwise acquired Notes issued by the Covered Trusts and all suffered significant damages on account of Defendant's singular course of misconduct.  To redress those damages, Plaintiff has vigorously prosecuted this litigation, engaged in burdensome discovery efforts, consulted with experts, and directed the settlement process.  *See Pub. Emps.' Ret. Sys. of Miss. v. Goldman Sachs Grp., Inc.*, 280 F.R.D. 130, 136 (S.D.N.Y 2012). Additionally, Plaintiff has retained counsel with significant experience in MBS and complex class action litigation.  Plaintiff satisfies the adequacy requirement.

### B.    The Settlement Class Representative's Claims Satisfy the Requirements of Rule 23(b)(3)

### 1.    Common Legal and Factual Questions Predominate

"Class-wide issues predominate if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized

proof, and if these particular issues are more substantial than the issues subject only to individualized proof." *UFCW Local 1776 v. Eli Lilly & Co.*, 620 F.3d 121, 131 (2d Cir. 2010).

As discussed above, common questions pertaining to whether the Covered Trusts contained Defective Mortgages, and whether Defendant violated its duties by failing to have such mortgages repurchased, among other common issues, predominate over any individual issues that the Defendant might have raised.

### 2.     This Class Action is Superior to Other Methods of Adjudication

Rule 23(b)(3) provides a list of non-exhaustive factors that courts should evaluate in order to decide if class certification is the superior method of litigation.  Those factors listed include: "(A) the class members' interests in individually controlling the prosecution . . . of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by . . . class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." *See* Fed. R. Civ. P. 23(b)(3).

To date, no party has expressed an interest in controlling the prosecution of this case without Plaintiff, and the claims at issue have been litigated solely before this Court.  Having presided over the Action since November 2011, the Court is also familiar with the relevant facts, claims and defenses.  In light of the large, geographically dispersed Settlement Class, allowing the claims at issue to be prosecuted in multiple lawsuits, for which there appears to be no desire in any event, would risk disparate results, increased costs for all parties, and place an unnecessary burden on the judicial system.  Moreover, when "[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial." *Amchem*, 521 U.S. at 620. The foregoing circumstances easily satisfy Rule 23(b)(3).

12

Given that all of the requirements of Rules 23(a) and (b) are satisfied, the Court should certify the Settlement Class for settlement purposes, appoint Plaintiff as class representative, and appoint Plaintiff's Counsel as counsel for the Settlement Class.

## VII.    THE FORM AND MANNER OF NOTICE TO THE SETTLEMENT CLASS MERITS APPROVAL

Federal Rule of Civil Procedure 23(e)(1) mandates that courts "direct notice [of a proposed class action settlement] in a reasonable manner to all class members who would be bound by the proposal." The Notice of Pendency of Class Action and of Proposed Settlement and Final Approval Hearing (the "Notice") will be disseminated to all persons and entities who fall within the definition of the Settlement Class and whose names and addresses can be identified with reasonable effort. The Claims Administrator[7] will send the Notice, along with a copy of the Proof of Claim Form, to entities that have already been identified during the discovery process as purchasers of the Notes[8] and to entities that commonly hold securities in "street name" as nominees for the benefit of their customers (who are the beneficial purchasers of the securities). In addition, the Parties will supplement the mailed Notice with the Publication Notice (or summary notice), which will be published once in *Investor's Business Daily* and transmitted over *Business Wire*. Copies of the Stipulation, the Notice, and the Proof of Claim Form will also be posted on the website created for the Settlement, www.BearStearnsTIASettlement.com. (Similarly, U.S. Bank, as trustee for the Covered Trusts, will request that Wells Fargo Bank, N.A., as Securities Administrator, post those documents on its trust investor reporting website through the date of the Final Approval Hearing). The Stipulation is attached as Exhibit 1 to the Weintraub Declaration,

---

[7] Plaintiff requests the Court's approval of Kurtzman Carson Consultants, LLC ("KCC") to serve as the Claims Administrator for the Settlement. Plaintiff's Counsel selected KCC following a competitive bidding process.

[8] Any Notices returned as undeliverable will be re-mailed to the forwarding address. If no forwarding address is provided, the Claims Administrator will use reasonable efforts (including but not limited to an internet search) to locate an updated address and re-mail the Notice to the updated address.

and the Notice, Proof of Claim Form and Publication Notice are attached to the Stipulation as Exhibits A-1, A-2 and A-3, respectively.

In addition, Federal Rule of Civil Procedure 23(h)(1) mandates that notice of Plaintiff's Counsel's motion for attorneys' fees be directed to class members in a reasonable manner.  The proposed Notice satisfies that requirement, by notifying the Settlement Class that Plaintiff's Counsel will apply to the Court for attorneys' fees in an amount of no more than 30% of the Gross Settlement Fund and Litigation Expenses not to exceed $350,000.

Consistent with Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e)(1), the proposed Notice will advise Settlement Class Members of (i) the nature and pendency of the class action; (ii) the definition of the Settlement Class to be certified; (iii) the essential terms of this Settlement, including the definition of the Released Claims; and (iv) information regarding Plaintiff's Counsel's request for attorneys' fees and reimbursement of Litigation Expenses.

The Notice also provides specifics on the date, time and place of the Final Approval Hearing and sets forth the procedures and deadlines for (i) objecting to the Settlement, Plan of Allocation and request for attorneys' fees and reimbursement of Litigation Expenses; (ii) requesting exclusion from the Settlement Class; and (iii) submitting a Proof of Claim Form.  It further describes the binding effect of a judgment on Settlement Class members pursuant to Federal Rule of Civil Procedure 23(c)(3).

Finally, the Notice: (a) lists the amount of the Settlement (in the aggregate) and the estimated average recovery per $1,000 in damages; (b) provides a brief statement explaining why the Parties are proposing Settlement; (c) states the maximum amount of attorneys' fees and Litigation Expenses that counsel will seek; and (d) provides the names, addresses and telephone numbers of the Claims Administrator and representatives of Plaintiff's Counsel who will be

available to answer questions from Settlement Class members.

Consequently, based on all of the information contained in the Notice and the procedures for disseminating it, the proposed Notice meets the standard of reasonableness established by the Second Circuit. *Wal-Mart*, 396 F.3d at 114 ("[T]he settlement notice must 'fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings.'" (quoting *Weinberger v. Kendrick*, 698 F.2d 61, 70 (2d Cir. 1982). Likewise, the form and manner of the proposed Notice satisfy the requirements of due process and Rule 23. *Wal-Mart*, 396 F.3d at 113. (It is worth noting, in that regard, that the foregoing requirements are met in part because individual notice by mail to all Settlement Class members who can be reasonably identified is the best notice practicable under the circumstances. *See In re Warner Chilcott Ltd. Sec. Litig.*, No. 06 Civ. 11515 (WHP), 2008 WL 5110904, at *3 (S.D.N.Y. Nov. 20, 2008); *Global Crossing*, 225 F.R.D. at 448-49).

## VIII.   PROPOSED SCHEDULE OF EVENTS

As part of granting preliminary approval of the Settlement, the Court must set a date for the Final Approval Hearing, as well as dates for mailing the Notice, publishing the Publication Notice and for requesting exclusion from the Settlement Class, objecting to the Settlement, submitting Proof of Claim Forms and filing papers in support of the Settlement. Plaintiff respectfully proposes the following schedule:

| Event | Proposed Date/Deadline | Date/Deadline On or After[9] |
|---|---|---|
| Deadline for mailing the Notice and Proof of Claim Form to Settlement Class members ("Notice Date") | 30 calendar days following the Court's entry of the Preliminary Approval Order | February 20, 2015 |
| Deadline for publishing the Publication Notice | 10 calendar days after the Notice Date | March 2, 2015 |
| Deadline for filing papers in support of final approval of Settlement, Plan of Allocation and Plaintiff's Counsel's application for Attorneys' Fees and Litigation Expenses | 40 calendar days before Final Approval Hearing | April 1, 2015 |
| Deadline for receipt of exclusion requests or objections | 20 calendar days before Final Approval Hearing | April 22, 2015 |
| Deadline for filing reply papers | 7 calendar days before Final Approval Hearing | May 4, 2015 |
| Final Approval Hearing | At least 110 calendar days from entry of the Preliminary Approval Order | May 11, 2015 |
| Deadline for submitting Proof of Claim Forms | 120 calendar days after Notice Date | May 21, 2015 |

## IX.   CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court enter the proposed Preliminary Approval Order which will: (i) preliminarily approve the proposed Settlement, (ii) preliminarily certify the proposed Settlement Class for settlement purposes only, (iii) permit notice of the terms of the Settlement to be sent to the Settlement Class, and (iv) set a date and time for the Final Approval Hearing to consider approval of the Settlement and related matters following an opportunity for Settlement Class members to express their views concerning

---

[9] The specific proposed dates are respectfully estimated assuming that the Court enters the proposed Preliminary Approval Order on or about January 21, 2015.  In the event that the Court does not enter the proposed Preliminary Approval Order on or before that date, Plaintiff's Counsel respectfully request that the same separation of dates in the schedule be provided for by the Court.

the fairness of the Settlement, the Plan of Allocation, and Plaintiff's Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses.

Dated: December 17, 2014                    **SCOTT+SCOTT, ATTORNEYS AT LAW, LLP**


                                            */s/ Deborah Clark-Weintraub*
                                            Deborah Clark-Weintraub
                                            Max R. Schwartz
                                            Donald A. Broggi
                                            The Chrysler Building
                                            405 Lexington Avenue, 40th Floor
                                            New York, NY 10174
                                            Tel.: (212) 223-6444
                                            Fax: (212) 223-6334
                                            Email: dweintraub@scott-scott.com
                                                     mschwartz@scott-scott.com
                                                     dbroggi@scott-scott.com

                                            *Counsel for Plaintiff Oklahoma Police Pension and Retirement System*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2014, I caused the foregoing brief to be electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel.

*/s/ Deborah Clark-Weintraub*
Deborah Clark-Weintraub