**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM,<br><br>                Plaintiff,<br><br>        - against -<br><br>U.S. BANK NATIONAL ASSOCIATION (as Trustee Under Various Pooling and Servicing Agreements),<br><br>              Defendant. | CASE NO. 1:11-CV-08066-JGK |

**STIPULATION OF SETTLEMENT**

This Stipulation of Settlement (together with the exhibits hereto, the "**Stipulation**") is entered into as of December 17, 2014 by and between (i) Plaintiff Oklahoma Police Pension and Retirement System ("Oklahoma Police"); and (ii) Defendant U.S. Bank National Association ("**U.S. Bank**" or "**Defendant**," and together with Plaintiff, the "**Parties**") in its individual capacity and its capacity as trustee of the Covered Trusts as defined below.

## RECITALS

WHEREAS on November 9, 2011, Plaintiff filed a putative class action in the United States District Court for the Southern District of New York (the "**Court**") entitled *Oklahoma Police Pension and Retirement System v. U.S. Bank National Association (as Trustee Under Various Pooling and Servicing Agreements)* (case number 1:11-CV-08066-JGK) (the "**Action**");

WHEREAS the complaint asserted claims for alleged breaches of contract, and alleged violations of the Trust Indenture Act against U.S. Bank as trustee, of two residential mortgage-backed securities ("**RMBS**") trusts;

WHEREAS various amended and/or corrected complaints thereafter were filed in the action involving a total of fourteen RMBS trusts, and various motions to dismiss were filed and ruled upon;

WHEREAS on August 2, 2013, U.S. Bank filed a motion for partial summary judgment which was ruled upon, resulting in the dismissal of all claims with respect to nine of the fourteen RMBS trusts at issue in the Action;

WHEREAS on August 1, 2014, Oklahoma Police filed a Motion for Class Certification and Appointment of Class Representative and Class Counsel;

WHEREAS in light of the Parties' settlement discussions, the Court has stayed the class certification motion and U.S. Bank's response thereto;

WHEREAS the Parties, with the assistance of a neutral mediator, have reached an agreement in principle to settle the Action with respect to the five remaining RMBS trusts, subject to the approval of the Court;

- 1 -

WHEREAS the Parties engaged in discovery prior to reaching the settlement, including the production of more than 60,000 pages of documents from the Parties and third parties, and the taking of depositions of both Parties and third parties;

WHEREAS based upon Plaintiff's factual investigation, the discovery it took, its consultation with experts it retained, its research into the applicable law, and its consideration of the risks and uncertainties of further litigation, Plaintiff and its counsel, without any admission or concession of any lack of merit in any aspect of the claims asserted in the Action and subject to this Stipulation, have concluded that the terms and conditions of the Settlement are fair, reasonable, adequate, and in the best interests of Plaintiff and the Settlement Class as defined below;

WHEREAS Defendant expressly denies any and all allegations of wrongdoing, fault, liability, or damages of any nature whatsoever, but in light of the expenses, risks, and uncertainties of further litigation, is willing to settle on the terms set forth below;

NOW THEREFORE, in consideration of the covenants and promises set forth below, and subject to the approval of the Court, the Parties hereby stipulate and agree as follows:

<u>**DEFINITIONS**</u>

1.      Boldfaced terms defined in the provisions above shall have the meanings set forth therein.

2.      "**Authorized Claimant**" means a Claimant who submits a timely and valid Proof of Claim that is approved for payment from the Net Settlement Fund.

3.      "**Claimant**" means a person or entity that submits a Proof of Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

4.      "**Claims Administrator**" means Kurtzman Carson Consultants.

5.      "**Covered Trusts**" means the following Bear Stearns RMBS trusts that are currently at issue in the Action: Bear Stearns Arm Trust Series 2005-2, Bear Stearns Arm Trust Series 2005-5, Bear Stearns Arm Trust Series 2005-7, Bear Stearns Arm Trust Series 2005-9, and Bear Stearns Arm Trust Series 2006-1.

6.     "**Effective Date**" means the date on which the Judgment Order becomes Final.

7.     "**Escrow Account**" means an escrow account maintained by and under the exclusive control of Plaintiff's Counsel and subject to the jurisdiction of the Court.

8.     "**Final**" means, with respect to any order or ruling of any court, that such order or ruling is not subject to further review on appeal or otherwise.  Without limitation, an order or ruling becomes "Final" when:

> (i)     it is not subject to any further reconsideration by the court issuing the order or ruling; and

> (ii)    no appeal has been filed and the prescribed time for commencing any appeal has expired; or an appeal has been filed and either (a) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (b) the order or ruling has been affirmed in all material respects and the prescribed time, if any, for commencing any further appeal has expired.

For purposes of this paragraph, an "appeal" includes appeals as of right, discretionary appeals, interlocutory appeals, proceedings involving writs of *certiorari* or *mandamus*, and any similar proceeding.  Any appeal or other proceeding pertaining solely to an order or ruling adopting or approving a Plan of Allocation and/or to an application for attorneys' fees and/or Litigation Expenses shall not in any way delay or preclude any judgment in the Action from becoming Final.

9.     "**Final Approval Hearing**" means the hearing set by the Court under Federal Rule of Civil Procedure Rule 23(e) to consider final approval of this Settlement.

10.    "**Investment Vehicle**" means any pooled investment fund (such as mutual funds, mutual fund families, exchange-traded funds, funds of funds, and hedge funds), in which Defendant, JPMorgan Chase & Co., the Bear Stearns' Companies Inc., or any of their respective parents, subsidiaries, or affiliates has a direct or indirect interest (or as to which any of the

foregoing acts as investment advisor) but in which the Defendant, JPMorgan Chase & Co., or Bear Stearns, or any of their respective parents, subsidiaries, or affiliates is not a majority owner or does not hold a majority beneficial interest.

11.     "**Judgment Order**" means an order to be entered by the Court approving the Settlement that is substantially identical in all material respects to the form attached hereto as Exhibit A-4, or as modified by written agreement of all Parties.

12.     "**Litigation Expenses**" means the reasonable costs and expenses incurred by Plaintiff's Counsel in connection with prosecuting the Action, for which they apply to the Court for reimbursement from the Settlement Fund.

13.     "**Net Settlement Fund**" means the Settlement Fund less any (i) Taxes and Tax Costs; (ii) Notice and Administration Costs; (iii) Litigation Expenses awarded by the Court; (iv) attorneys' fees awarded by the Court; and (v) other costs, expenses, or amounts approved by the Court for disbursement from the Settlement Fund prior to distribution to Authorized Claimants.

14.     "**Notes**" means any and all RMBS pass-through notes issued by the Covered Trusts.

15.     "**Notice**" means the Notice of Pendency of Class Action and of Proposed Settlement and Final Approval Hearing (substantially in the form attached hereto as Exhibit A-1), which is to be sent to members of the Settlement Class.

16.     "**Notice and Administration Costs**" means the reasonable costs, expenses, and fees that are incurred by the Claims Administrator in connection with providing notice to the Settlement Class, administering the claims process, and administering the Settlement Fund. Notice and Administration Costs include, without limitation, (i) the reasonable costs of publishing the Publication Notice and of printing and mailing the Notice; (ii) reasonable reimbursements to nominees for forwarding the Notice and the Proof of Claim Form to beneficial owners; (iii) reasonable administrative expenses actually incurred and fees reasonably

charged by the Claims Administrator in connection with processing Proof of Claim Forms; and (iv) reasonable expenses incurred in connection with the Escrow Account.

17.    "**Plaintiff's Counsel**" means the law firm of Scott+Scott, Attorneys at Law, LLP.

18.    "**Plan of Allocation**" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice, or such other plan of allocation as the Court may order.

19.    "**Preliminary Approval Order**" means an order to be entered by the Court preliminarily approving the Settlement, preliminarily certifying the Settlement Class for Settlement purposes only, and directing that Notice be provided to the Settlement Class that is substantially identical in all material respects to the form attached hereto as Exhibit A, or as modified by written agreement of all Parties.

20.    "**Proof of Claim Form**" means the Proof of Claim and Release Form (substantially in the form attached as Exhibit A-2 hereto) that a Claimant must complete and submit if it seeks to be eligible to share in a distribution of the Net Settlement Fund.

21.    "**Publication Notice**" means the summary notice (substantially in the form attached as Exhibit A-3 hereto) to be published as set forth in the Preliminary Approval Order.

22.    "**Released Parties**" means U.S. Bank, in its individual capacity and in its capacity as trustee of the Covered Trusts, and its past, present or future representatives, trusts, trustees, heirs, executors, estates, administrators, predecessors, successors, assigns, attorneys, accountants, parents, subsidiaries, affiliates, insurers, reinsurers, employers, employees, members, directors, officers, representatives, and agents.

23.    "**Releasing Parties**" means Plaintiff, the Settlement Class members, and their past and present trustees, named fiduciaries, directors, officers, employees, auditors, principals, attorneys, predecessors, successors, parents, subsidiaries, and divisions.

24.    "**Settlement**" means the settlement embodied in this Stipulation.

25.    "**Settlement Class**" means all former and current holders of Notes issued by the Covered Trusts; *provided, however*, that "Settlement Class" shall not include (a) Defendant, JPMorgan Chase & Co., Bear Stearns, and their respective parents, subsidiaries, and affiliates

other than Investment Vehicles; and (b) any person or entity that submits a valid and timely request for exclusion from the Settlement Class in accordance with the requirements set forth in the Notice.

26.      "**Settlement Fund**" means the sum of six million United States dollars and no cents ($6,000,000.00) deposited into the Escrow Account.

27.      "**Supplemental Agreement**" means a separate, confidential agreement entered into by the Parties that permits Defendant to terminate this Stipulation and the Settlement under certain conditions specified therein.

28.      "**Taxes**" means all federal, state, local, and/or other taxes of any kind on any income earned by the Settlement Fund.

29.      "**Tax Costs**" means the reasonable expenses and costs incurred by Plaintiff's Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, reasonable fees and expenses of unaffiliated tax attorneys and accountants engaged by Plaintiff's Counsel for such purposes).

**CERTIFICATION OF SETTLEMENT CLASS**

30.      The Settlement Class.  The Parties stipulate to: (i) the certification, for settlement purposes only, of the Settlement Class as defined above, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3); (ii) the appointment of Plaintiff as class representative; and (iii) the appointment of Plaintiff's Counsel as class counsel.

31.      No Admission Regarding Certification of Litigation Class.  Defendant's stipulation to certification of the Settlement Class for settlement purposes only is not, and shall not be deemed to be, an admission that certification of a class would be permissible or appropriate for any other purpose, including litigation purposes.

**RELEASE OF RELEASED CLAIMS AND RELATED MATTERS**

32.      Releases.  Upon final judicial approval of the Settlement:

(i)      Each member of the Settlement Class will release as against the Released Parties all "**Released Claims**," which shall mean any and all claims, debts,

demands, rights or causes of action or liabilities whatsoever, including rights of appeal, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class, derivative and/or individual in nature, including both known claims and "Unknown Claims" (as defined below), (1) that have been asserted in this Action by Plaintiff on behalf of the Settlement Class against any of the Released Parties with respect to the Covered Trusts; or (2) that could have been asserted in this Action, or in any other action or forum by or on behalf of the Plaintiff and/or the members of the Settlement Class or any of them against any of the Released Parties that arise out of or are based upon or relate in any way to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Action with respect to the Covered Trusts. "Released Claims" also includes all rights of appeal from any prior decision of the Court in this Action with respect to the Covered Trusts. "Released Claims" also includes all rights to participate in or benefit from any settlement, judgment, or other recovery in derivative litigation that has been or may be filed against U.S. Bank on behalf of the Covered Trusts arising from or related to the "Released Claims" as defined above, and the members of the Settlement Class shall irrevocably waive and/or assign all such rights to U.S. Bank. "Unknown Claims" includes any and all Released Claims with respect to the Covered Trusts that Plaintiff or any member of the Settlement Class does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties, which if known by him, her or it might have affected his, her, or its decision(s) with respect to the Settlement, including any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code

§1542, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."  For avoidance of doubt, this Settlement is not intended to and does not release any claims or rights of appeal of Plaintiff Oklahoma Police Pension and Retirement System or members of the Settlement Class relating to the nine Bear Stearns MBS trusts dismissed from this case by the Court's Order dated December 13, 2013.

(ii)    The Released Parties will release as against the Releasing Parties all claims and causes of action of every nature and description solely to the extent that they relate to the Covered Trusts, whether known or Unknown, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution or settlement of the claims against U.S. Bank, except for claims relating to the enforcement of this Settlement.

33.    <u>No Prosecution of Released Claims</u>.  Pursuant to the Judgment Order, upon the Effective Date, all Releasing Parties shall be permanently enjoined from asserting or pursuing any of the Released Claims with respect to the Covered Trusts against any of the Released Parties, whether directly, indirectly, or derivatively, whether on their own behalf, on behalf of a Covered Trust, or otherwise, and whether alone or in conjunction with others.

<b><u>ESTABLISHMENT AND USE OF SETTLEMENT FUND</u></b>

34.    <u>Establishment of Settlement Fund</u>.  U.S. Bank shall deposit or cause to be deposited the sum of six million United States dollars and no cents ($6,000,000.00) into the Escrow Account within 15 business days after entry of the Preliminary Approval Order.  U.S. Bank shall not have any further obligation to make any payment into the Escrow Account at any time or for any reason.

35.    <u>Settlement Fund in Custody of Court</u>.  All funds held in the Escrow Account shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the

Court except to the extent the funds are distributed or returned pursuant to the terms of this Stipulation and/or order of the Court.  No portion of the Settlement Fund shall be disbursed from the Escrow Account except as provided herein or as ordered by the Court.

36.     <u>Investment of Settlement Fund</u>.  Plaintiff's Counsel shall invest any funds in the Escrow Account in excess of $250,000 in United States Treasury Bills having maturities of 180 or fewer days, or money market mutual funds composed exclusively of investments secured by the full faith and credit of the United States Government, or an account fully insured by the United States Federal Deposit Insurance Corporation.  Plaintiff's Counsel may invest any funds in the Escrow Account of $250,000 or less in an interest-bearing account insured by the United States Federal Deposit Insurance Corporation, or money market mutual funds composed exclusively of investments secured by the full faith and credit of the United States Government. All risks related to the investment of the Settlement Fund pursuant to these guidelines shall be borne by the Settlement Fund.  If the Effective Date occurs, any interest earned on the Settlement Fund shall be for the benefit of the Settlement Class.  If the Effective Date does not occur, any interest earned on the Settlement Fund shall be for the benefit of U.S. Bank, and paragraph 59 below shall govern.

37.     <u>Use of Settlement Fund</u>.  The Settlement Fund shall be used to pay any (i) Taxes and Tax Costs; (ii) Notice and Administration Costs pursuant to paragraph 40 below; (iii) Litigation Expenses awarded by the Court; (iv) attorneys' fees awarded by the Court; and (v) other costs, expenses, or amounts approved by the Court for disbursement from the Settlement Fund prior to distribution to Authorized Claimants.  The balance remaining in the Settlement Fund (the Net Settlement Fund) shall be distributed to Authorized Claimants in accordance with the Plan of Allocation.

38.     <u>Qualified Settlement Fund</u>.  The Settlement Fund is intended to be a "Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1.  Plaintiff's Counsel, as administrators of the Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax

returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation §1.468B-2(k)) for the Settlement Fund.  Such returns shall be consistent with this paragraph and in all events shall reflect that all Taxes on the income earned on the Settlement Fund shall be paid out of the Settlement Fund.  Plaintiff's Counsel also shall be solely responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  Upon written request, U.S. Bank will provide promptly to Plaintiff's Counsel the statement described in Treasury Regulation §1.468B-3(e).  Plaintiff's Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out the terms and intent of this paragraph (including, as necessary, making a "relation-back election" as described in Treasury Regulation §1.468B-1(j)), and to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

39.    _Payment of Taxes_.  All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by Plaintiff's Counsel or the Claims Administrator, without separate order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes (including any interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. The Settlement Fund shall indemnify and hold all Released Parties harmless for any Taxes and related expenses of any kind whatsoever (including, without limitation, taxes payable by reason of any such indemnification).  U.S. Bank shall notify Plaintiff's Counsel promptly if it receives any notice of any claim for Taxes relating to the Settlement Fund.

40.    _Payment of Notice and Administration Costs and Tax Costs_.  Prior to the Effective Date, Plaintiff's Counsel may pay from the Escrow Account, without further approval from U.S. Bank or separate order of the Court, actual and reasonable Notice and Administration Costs and Tax Costs in an aggregate amount not to exceed $100,000.  If, prior to the Effective

Date, Plaintiff's Counsel determine that a greater amount is required, Plaintiff's Counsel and Defendant's counsel shall attempt to reach an agreement on the additional amounts to be expended, and upon such agreement, such additional amounts may be expended without further order of the Court.  Failing agreement, Plaintiff's Counsel may apply to the Court for leave to pay the additional amounts.  If the Settlement is terminated or the Effective Date otherwise does not occur, any Notice and Administration Costs and Tax Costs actually incurred and paid or payable as of the date of termination shall not be returned or repaid to U.S. Bank.

41.    <u>No Reversion</u>.  The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Defendant, Released Party, or any other person or entity who or which paid any portion of the Settlement Fund shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever.

<b><u>ATTORNEYS' FEES AND LITIGATION EXPENSES</u></b>

42.    <u>Payment of Attorneys' Fees and Litigation Expenses</u>.  Plaintiff's Counsel will request an award of fees not to exceed 30% of the settlement amount and expenses not to exceed $350,000.  Plaintiff's Counsel's attorneys' fees and expenses, as awarded by the Court, shall be paid from the Escrow Account immediately upon award by the district court, notwithstanding any appeals of the fee and expense award of the Settlement.  Plaintiff's Counsel represent that (a) should an appellate court reverse the district court's final approval of the Settlement, or (b) should the fee and expense award be reduced on appeal, all such fees and expenses or all such fees and expenses received by Plaintiff's Counsel in excess of those that are ultimately approved, as appropriate, shall be repaid within fifteen (15) days of the date the decision of the appellate court becomes final.  U.S. Bank shall take no position with respect to Plaintiff's Counsel's requested attorneys' fees and expenses.

43.    <u>Not a Condition of Settlement</u>.  An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition hereof.  Neither Plaintiff nor Plaintiff's Counsel may cancel or terminate this Stipulation or the Settlement based

on the Court's or any appellate court's rulings with respect to attorneys' fees and/or Litigation Expenses.

## <u>NOTICE AND CLAIMS PROCESS</u>

44.     <u>Notice</u>.  In accordance with the terms of the Preliminary Approval Order, Plaintiff's Counsel shall cause the Claims Administrator to (i) mail the Notice and the Proof of Claim Form to those members of the Settlement Class that have been identified through reasonable effort; (ii) publish the Publication Notice pursuant to the terms of the Preliminary Approval Order or on such other terms as the Court may order; and (iii) otherwise comply with the terms of the Preliminary Approval Order with respect to the giving of Notice.  U.S. Bank, as trustee for the Covered Trusts, shall request that Wells Fargo Bank, N.A., as Securities Administrator, post the Notice on its trust investor reporting website through the date of the Final Approval Hearing.

45.     <u>CAFA Notice</u>.  Not later than ten (10) days after this Stipulation is filed with the Court, U.S. Bank shall provide notice of the proposed Settlement to appropriate federal and state officials to the extent required by the Class Action Fairness Act of 2005, 28 U.S.C. §1715.

46.     <u>Administration of Claims Process</u>.  The Claims Administrator shall administer the process of receiving, reviewing, approving or denying, and paying claims submitted on Proof of Claim Forms, subject to the jurisdiction of the Court.

47.     <u>Submission of Proof of Claim Forms</u>.  Any Proof of Claim Forms must be submitted by the date specified in the Preliminary Approval Order and the Notice, unless such deadline is extended by order of the Court.  If a Proof of Claim Form is submitted by first-class mail in accordance with the instructions on the form, it shall be deemed submitted on the date of the postmark.  Otherwise, a Proof of Claim Form shall be deemed submitted when received by the Claims Administrator.  Within 15 business days of the date specified in the Preliminary Approval Order for the submission of a Proof of Claim Form, the Claims Administrator shall provide Defendant with a list identifying all parties that submitted a Proof of Claim Form. Promptly after the Claims Administrator makes its final determination regarding the final

distribution of the Net Settlement Fund, the Claims Administrator shall provide Defendant with a list identifying those Claimants that received any distribution from the Net Settlement Fund and those Claimants which were denied any distribution from the Net Settlement Fund.

48.    Failure Timely to Submit Proof of Claim Form.  Any member of the Settlement Class that does not timely submit a valid Proof of Claim Form shall not be entitled to receive any distribution from the Net Settlement Fund.  Unless such member has been excluded from the Settlement Class by having submitted a timely and valid request for exclusion, such member nevertheless shall be bound by all the terms of this Stipulation and of the Settlement, including the terms of the Judgment Order and the releases and injunctions provided for therein.

49.    Submission to Jurisdiction of Court.  Each Claimant and each Settlement Class Member shall be deemed to have submitted to the jurisdiction of the Court with respect to any Proof of Claim Form submitted by the Claimant, and with respect to enforcement of the judgment, including but not limited to the Court's jurisdiction to enforce the releases and injunctions provided for in the Judgment Order.  Each Proof of Claim Form will be subject to investigation and discovery under the Federal Rules of Civil Procedure, but only as to the Claimant's status as a Settlement Class member and the validity and amount of the Claimant's claim set forth on the Proof of Claim Form.  All proceedings with respect to the administration, processing, and determination of claims on Proof of Claim Forms and the determination of all controversies related thereto, including disputed questions of law and fact with respect to the validity of any claim submitted on any Proof of Claim Form, shall be subject to the jurisdiction of the Court.

50.    Distribution of Net Settlement Fund.  After the Effective Date has occurred and the claims administration process has been completed, Plaintiff shall move the Court for an order (i) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of claims and approving any fees and expenses not previously applied for, including the fees and expenses of the Claims Administrator; and (ii) directing that the Net Settlement Fund be distributed from the Escrow Account.  Upon entry of such an order, the

Claims Administrator shall distribute the Net Settlement Fund from the Escrow Account to Authorized Claimants pursuant to the Plan of Allocation.

51.   <u>Distributions Final and Conclusive</u>.  The payments provided for in the preceding paragraph shall be final and conclusive as against any and all members of the Settlement Class. All members of the Settlement Class whose claims on their Proof of Claim Forms are not valid shall not receive distributions from the Net Settlement Fund, but otherwise shall be bound by all the terms of this Stipulation and of the Settlement, including the terms of the Judgment Order and the releases and injunctions provided for therein.  No person or entity shall have any Claim against Plaintiff, Plaintiff's Counsel, the Claims Administrator, Defendant, or Defendant's counsel based upon distributions made substantially in accordance with the Plan of Allocation or an order of the Court.

52.   <u>Plan of Allocation Not a Condition of Settlement</u>.  The allocation of the Net Settlement Fund among Authorized Claimants is a matter separate and apart from the Settlement between the Releasing Parties and the Released Parties.  The Plan of Allocation proposed in the Notice is not a material term of this Stipulation, and it is not a condition hereof that any particular allocation be approved by the Court.  Any decision by the Court or by any appellate court concerning the Plan of Allocation or any other allocation shall not affect the validity or finality of the Settlement, and neither Plaintiff nor Plaintiff's Counsel may terminate this Stipulation or the Settlement based on any such ruling.

## REQUESTS FOR EXCLUSION

53.   <u>General</u>.  Any person or entity that otherwise would be a member of the Settlement Class may exclude himself, herself, or itself by submitting a timely and valid request for exclusion in accordance with the instructions set forth in the Notice.  Unless otherwise ordered by the Court, any member of the Settlement Class that does not submit a timely and valid request for exclusion in accordance with such instructions shall be bound by the terms of this Stipulation and of the Settlement, including the Judgment Order and the releases and injunctions contained therein.

54.    Timing of Requests for Exclusion.  To be timely, a request for exclusion must be submitted to the Claims Administrator so that it is received no later than 20 business days before the Final Approval Hearing.  A request for exclusion shall be deemed submitted when received by the Claims Administrator.

55.    Validity of Requests for Exclusion.  To be valid, a request for exclusion must comply with the instructions in the Notice, including by providing (i) a request to be excluded from the Settlement Class; (ii) the beneficial owner's name, address, and telephone number; (iii) the CUSIP of each Note purchased, acquired, sold, or disposed of; (iv) the outstanding face amount as of the date of each purchase, acquisition, sale, or disposition; (v) the per-unit price of each such transaction; (vi) the total amount of consideration paid or received in connection with each such transaction; (v) the date of each such transaction; and (vi) the CUSIP and current face amount of each Note still held.

56.    Transmittal of Requests for Exclusion.  The Claims Administrator shall transmit electronic copies of each request for exclusion and any accompanying documents to the Parties' counsel (at the e-mail addresses set forth in paragraph 69 below) expeditiously, and in no event more than five calendar days after receipt.  Plaintiff's Counsel shall certify, or cause the Claims Administrator to certify, that copies of all requests for exclusion and accompanying documents received by the Claims Administrator have been timely provided to Defendant's counsel as provided in this paragraph.  Plaintiff's Counsel shall provide a list of all persons and entities that have requested exclusion to the Court reasonably in advance of the Final Approval Hearing.

## TERMINATION OF SETTLEMENT

57.    Termination in Specified Circumstances.  Any Party may terminate the Settlement in its entirety by providing written notice to all Parties within 15 business days after any of the following: (i) the Court's refusal to enter the Preliminary Approval Order in any material respect; (ii) the Court's refusal to approve the Settlement in any material respect; (iii) the Court's refusal to enter the Judgment Order in any material respect; (iv) any reversal or material modification of the Judgment Order; (v) any reversal or material modification of the Judgment Order becoming

Final; or (v) the occurrence of any other event that would prevent entry of the Judgment Order or otherwise prevent the Effective Date from occurring.

58.    Termination Pursuant to Supplemental Agreement.  As set forth in the Supplemental Agreement, U.S. Bank shall have, in its sole and absolute discretion, the right to terminate the Settlement in its entirety if the specified threshold is reached with respect to exclusions from the Settlement Class.  U.S. Bank may exercise this right by providing a written notice of termination to Plaintiff's Counsel up to and including the tenth business day prior to the Final Approval Hearing, after which U.S. Bank's right shall lapse; *provided, however*, that in the event any court, on motion of Plaintiff or a third party or *sua sponte*, orders allowance of any requests for exclusion that otherwise would have been untimely, and any such additional allowed exclusions cause an agreed-upon threshold for termination to be reached or exceeded to a greater extent than previously, Defendant may provide a written notice of termination up to and including the tenth business day following any such court order, but in no event shall Defendant have the right to terminate the Settlement based on the Supplemental Agreement after the entry of the Final Approval Order.  Plaintiff's Counsel shall have the right to communicate with the persons and entities requesting exclusion, and if, prior to the Final Approval Hearing, sufficient exclusion requests are withdrawn such that Defendant's right to terminate the Settlement would not have arisen had the withdrawn exclusion requests never been made, then Defendant's notice of termination shall be deemed withdrawn.  A request for exclusion may be withdrawn only by filing a written notice of withdrawal with the Court and serving a copy on all Parties.  Such filing and service may be effected by Plaintiff's Counsel.

59.    Effect of Termination of Settlement.  If the Settlement is terminated or the Effective Date otherwise does not occur, (i) the terms of this Stipulation and of the Settlement shall be null and void, with the exception of paragraphs 31, 35, 36, 38, 39, 60, 61, and 64-74, and any provisions of this Stipulation regarding the effect of termination; (ii) the Settlement Fund, plus any interest earned or appreciation thereon, less any Taxes paid or due with respect to such income or appreciation, and less Notice and Administration Costs and Tax Costs paid or payable,

shall be returned to U.S. Bank within 15 business days after termination or the event that causes the Effective Date not to occur; (iii) the Parties shall be deemed to have reverted to the positions they occupied in the Action as of October 14, 2014; and (iv) this Stipulation and the facts of the Settlement shall not be admissible for any purpose other than to enforce paragraphs 31, 35, 36, 38, 39, 60, 61, and 64-74, and any provisions of this Stipulation regarding the effect of termination.

## NO ADMISSIONS

60.     Whether or not the Settlement is approved by the Court, and whether or not the Settlement is consummated or the Effective Date occurs, the fact and terms of this Stipulation, any act performed or document signed in connection with the Settlement, and all negotiations, discussions, drafts, and proceedings in connection with the Settlement:

(i)     shall not be offered as evidence of, or construed as, any admission, concession, or presumption with respect to the truth or falsity of any fact alleged by Plaintiff, the validity or infirmity of any Claim asserted by Plaintiff, or the validity or infirmity of any defense asserted by Defendant;

(ii)    shall not be offered as evidence of, or construed as, any admission, concession, or presumption of any liability, wrongdoing, or fault of any kind on the part of any of the Released Parties;

(iii)   shall not be offered as evidence of, or construed as, any admission or concession of any lack of merit in any aspect of the Claims asserted in the Action by any of the Releasing Parties; and

(iv)    shall not be offered into evidence, or otherwise referred to, in any proceeding or forum as against any of the Parties or the Released Parties, except in connection with proceedings to enforce the terms of this Stipulation or of any judgment in the Action (including proceedings before or after the Effective Date to dismiss or stay any action asserting any of the Released Claims); *provided, however*, that any of the Released Parties

may file this Stipulation and/or any judgment in the Action in any

proceeding to support an argument, defense, or counterclaim based on

principles of res judicata, collateral estoppel, release and discharge, good

faith settlement, judgment bar or reduction, or any other theory of claim

preclusion or issue preclusion or similar argument, defense, or

counterclaim.

### MISCELLANEOUS PROVISIONS

61.    No Liability of Released Parties.  None of the Released Parties shall have any

responsibility for, or liability relating to: (i) the provision of Notice or the publication of the

Publication Notice; (ii) the establishment or administration of the Plan of Allocation; (iii) the

establishment, maintenance, administration, or distribution of the Settlement Fund, the Net

Settlement Fund, or the Escrow Account (other than U.S. Bank's obligation to deposit the

Settlement Fund into the Escrow Account); (iv) the allocation of any award of attorneys' fees or

Litigation Expenses; (v) the receipt, review, determination, approval, disapproval,

administration, calculation, or payment of claims on Proof of Claim Forms; (vi) the payment or

withholding of Taxes or Tax Costs; (vii) the administration of the Settlement; or (viii) any losses

incurred by any person or entity in connection with any of the foregoing matters.

62.    No Transfer of Claims.  Plaintiff represents and warrants that it has not assigned,

hypothecated, conveyed, transferred, or otherwise granted or given any interest in any of the

Released Claims to any other person or entity.

63.    Stay of Proceedings.  Pending final approval by the Court of this Stipulation, all

proceedings in this Action shall be stayed, and Plaintiff shall be barred and enjoined from

prosecuting any of the Released Claims against any of the Released Parties with respect to the

Covered Trusts.

64.    Entire Agreement.  This Stipulation and the Supplemental Agreement constitute

the entire agreement between Plaintiff on the one hand and Defendant on the other hand

concerning the Settlement.  No representations, warranties, or inducements have been made by

Plaintiff to Defendant or by Defendant to Plaintiff, concerning the Settlement other than those contained and memorialized in such documents.  This Stipulation and the Supplemental Agreement supersede any and all prior statements, representations, promises, or other agreements, written or oral, between Plaintiff on the one hand and Defendant on the other hand, with respect to the subject matter of this Stipulation and the Supplemental Agreement, including the Short-Form Agreement to Settle Class Action dated October 15, 2014.

65.     Exhibits.  In the event of any conflict or inconsistency between the terms of this written Stipulation and the terms of any exhibit attached hereto, the terms of this written Stipulation shall prevail.

66.     Waiver or Modification.  This Stipulation may not be modified or amended except by a writing signed by all Parties or their respective counsel.  Any condition in this Stipulation may be waived by the Party entitled to enforce the condition only by a writing signed by that Party or its counsel.  The waiver by any Party of any breach of this Stipulation shall not be deemed a waiver of the breach by any other Party, or a waiver of any other prior or subsequent breach.  Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

67.     Headings.  The headings herein are for convenience only, do not have substantive or legal effect, and shall not be used as an aid in interpreting the Stipulation.

68.     Jurisdiction of Court.  The administration and consummation of the Settlement shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of, *inter alia*, entering orders to enforce the terms of this Stipulation and of the Judgment Order, including but not limited to the releases and injunctions provided for in the Judgment Order.

69.     Notices.  Any notice to any Party or its counsel that is required or permitted hereunder shall be effective only when received via hand delivery, facsimile transmission, or e-mail transmission by the Party's counsel at the following addresses, facsimile numbers, and e-mail addresses:

If to Plaintiff:

Deborah Clark-Weintraub
Max R. Schwartz
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, New York 10174
(212) 223-6444; (212) 223-6334 (Fax)
dweintraub@scott-scott.com
mschwartz@scott-scott.com

If to U.S. Bank:

Michael S. Kraut
John M. Vassos
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York  10178-0600
(212) 309-6000; (212) 309-6001 (fax)
mkraut@morganlewis.com
jvassos@morganlewis.com

70.    Counterparts.  This Stipulation may be executed in one or more original, imaged, e-mailed, and/or faxed counterparts, all of which together shall constitute one and the same instrument.

71.    Successors and Assigns.  This Stipulation and the Judgment Order shall be binding on, and inure to the benefit of, the direct and indirect successors and assigns of the Parties and of the Settlement Class members; *provided, however*, that this paragraph shall not alter or enlarge the previously stated definitions of Released Parties and Releasing Parties, or the scope of the releases and injunctions provided in paragraphs 32-33 above.

72.    Governing Law.  The construction, interpretation, operation, effect, and validity of this Stipulation, and of all documents necessary to effectuate it, shall be governed by the laws of the State of New York without regard to its conflict-of-laws principles.

73.    Ambiguities.  The Parties and their counsel jointly have drafted all parts of this Stipulation.  Any ambiguity shall be deemed to have been caused equally by all Parties.  No

ambiguity shall be construed against any Party or Parties on the ground that it or they drafted the provision at issue or caused the ambiguity.

74.    <u>Authority</u>.  Each Party represents and warrants that (i) it is duly organized, validly existing, and in good standing under the laws of its jurisdiction of organization or charter; and (ii) it has full power and authority to execute and deliver this Stipulation and any related Settlement documents, and to perform its obligations hereunder.  Each Party further represents and warrants that it has taken all necessary action to authorize the execution, delivery, and performance of this Stipulation and of the transactions contemplated herein.  Every person executing this Stipulation or any related Settlement documents on behalf of a Party or on behalf of another entity represents and warrants that he or she has full authority to do so and to bind the Party or other entity to the obligations set forth herein or therein.

75.    <u>Further Assurances</u>.  The Parties and their counsel shall cooperate in seeking Court approval of the Preliminary Approval Order and of the Settlement, and entry of the Judgment Order, and shall use reasonable efforts to agree upon and execute all such other documentation as may be reasonably required to obtain such approval and entry.

IN WITNESS HEREOF, THE PARTIES HAVE CAUSED THIS STIPULATION TO BE EXECUTED AS FOLLOWS:

For Plaintiff Oklahoma Police Pension and Retirement System; on behalf of itself and all Settlement Class members:

Name:   Partner, Scott & Scott
Title:

For Defendant U.S. Bank National Association on behalf of itself in its individual and trustee capacities:

Name:
Title:         **Mamta K. Scott**
               **Vice President**