**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM,

Plaintiff,

- against -

U.S. BANK NATIONAL ASSOCIATION (as Trustee Under Various Pooling and Servicing Agreements),

Defendant.

Case No.: 1:11-cv-08066-JGK

**[PROPOSED] ORDER ON CLASS COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES AND PLAINTIFF'S MOTION FOR AN AWARD OF A SERVICE PAYMENT**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 7/24/15

This matter came before the Court for a hearing on July 24, 2015, on Class Counsel's Motion for Attorneys' Fees and Reimbursement of Litigation Expenses ("Fee and Expense Application") and Plaintiff's Motion for a Service Payment ("Service Payment Application"). The Court having considered Class Counsel's Fee and Expense Application and Plaintiff's Service Payment Application, all supporting and other related materials, including the matters presented at the July 24, 2015 hearing, and otherwise being fully informed in the proceedings; and due and adequate notice having been given to the Settlement Class as required by the Court's February 18, 2015 Order Preliminarily Approving Settlement and Providing for Notice (ECF No. 116) (the "Preliminary Approval Order"); and with good cause appearing therefor:

NOW THE COURT FINDS, CONCLUDES, AND ORDERS AS FOLLOWS:

1. This Order incorporates by reference the definitions in the Stipulation of Settlement dated as of December 17, 2014 (ECF No. 108-1) (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class.

3. Notice of Class Counsel's Fee and Expense Application and Plaintiff's Service Payment Application was given to all Settlement Class members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for approval of the Plan of Allocation satisfied the requirements of Federal Rule of Civil Procedure 23 and due process, and constituted the best and most reasonable notice practicable under the circumstances.

4. Settlement Class members have been given the opportunity to object to the Fee and Expense Application and the Service Payment Application in compliance with Rule 23(h)(2) of the Federal Rules of Civil Procedure, and no objections were made.

5. Class Counsel are hereby awarded attorneys' fees in the amount of $1,620,000 from the Settlement Fund and $325,691.09 in reimbursement of Litigation Expenses, which sums the Court finds to be fair and reasonable, plus interest earned on these amounts at the same rate and for the same period as earned by the Settlement Fund.

6. Plaintiff is hereby awarded a service payment in the amount of $10,000.00/100 which sum the Court finds to be fair and reasonable.

7. The attorneys' fees and Litigation Expenses, and the service payment, awarded pursuant to this Order shall be payable respectively to Class Counsel and Plaintiff from the Settlement Fund.

8. In making this award of attorneys' fees and reimbursement of Litigation Expenses, and this service payment, both to be paid from the Settlement Fund, the Court has considered and found that:

a. The Settlement has created a fund of $6 million in cash that has been funded into an escrow account for the benefit of the Settlement Class pursuant to the terms of the Stipulation, and Settlement Class members who submit acceptable Proof of Claim Forms will benefit from the Settlement that occurred because of the efforts of Class Counsel and Plaintiff;

b. The fee sought by Class Counsel has been reviewed and approved as fair and reasonable by Plaintiff, a sophisticated institutional investor that was substantially involved in all aspects of the prosecution and resolution of the Action;

c. Plaintiff and its personnel made significant contributions to the prosecution and resolution of this Action on behalf of the Class;

d. Copies of the Notice were mailed to 1,356 potential Settlement Class members or their nominees stating: (i) that Class Counsel would apply for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 30% of the Settlement Fund and reimbursement of certain Litigation Expenses paid or incurred in connection with the prosecution and resolution of the Action in an amount not to exceed $350,000, plus interest earned on these amounts at the same rate and for the same period as earned by the Settlement Fund; and (ii) that Plaintiff would apply for a service payment of up to $10,000;

e. Class Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

f. The Action involves novel and complex factual and legal issues and was actively prosecuted for approximately three years;

g. Had the Settlement not been achieved, there would remain a significant risk that Plaintiff and the other members of the Settlement Class may have recovered less or nothing from Defendant;

h. Class Counsel devoted more than 4,498 hours, with an aggregate lodestar value of $2,542,474, to achieve the Settlement; and

i. The amount of attorneys' fees awarded and Litigation Expenses to be reimbursed from the Settlement Fund are fair, reasonable, and consistent with awards in similar cases.

  j. The amount of the service payment awarded is fair, reasonable, and consistent with service payments in similar cases.

9. Any appeal or any challenge affecting this Court's approval of the Fee and Expense Application and/or the Service Payment Application shall in no way disturb or affect the finality of the Final Judgment and Order of Dismissal with Prejudice entered with respect to the Settlement.

10. Jurisdiction is hereby retained over the parties and the Settlement Class members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

11. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with terms of the Stipulation.

12. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

DATED: July 24, 2015

John G. Koeltl
THE HONORABLE JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE